Jacqueline M. Vigilante, Esquire
**THE VIGILANTE LAW FIRM, PC**
99 North Main Street
Mullica Hill, NJ 08062
(856)223-9990
(856)223-1196 Fax
jacci@thevigilantelawfirm.com
Attorney for Plaintiffs, Christopher Davis and David Smith

## IN THE UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY - CAMDEN

| **CHRISTOPHER DAVIS** | : | CIVIL ACTION |
|---|---|---|
| **Plaintiff,** | : | |
| v. | : | No. 08-CV-926 (RMB) |
| **CAMDEN COUNTY BOARD OF CHOSEN FREEHOLDERS, and ROSS ANGILELLA** | : | **JURY TRIAL DEMANDED** |
| **Defendants.** | : | |

| **DAVID SMITH** | : | CIVIL ACTION |
|---|---|---|
| **Plaintiff,** | : | |
| v. | : | No. 08-CV-927 (RMB) |
| **CAMDEN COUNTY BOARD OF CHOSEN FREEHOLDERS, and WARDEN ERIC TAYLOR** | : | **JURY TRIAL DEMANDED** |
| **Defendants.** | : | |

### ATTORNEY CERTIFICATION IN SUPPORT OF
### CONSENT DISCOVERY CONFIDENTIALITY ORDER

JACQUELINE M. VIGILANTE, of full age, hereby certifies as follows:

1. I am the attorney representing the plaintiffs in each of the above- caption matters.

2. Subpoenas duces tecum have been issued by Defendants to medical providers

who have treated Plaintiff, Christopher Davis, as a primary care physician. The subpoena seeks

production of Plaintiff's medical records for a ten year period. Counsel for defendants has also expressed intention to seek production of all records related to any medical treatment Plaintiff has had.

3. Plaintiff worked for the Defendant for the past thirteen years prior to his termination in March 2008.

4. Plaintiff has not made any claim of injury or medical condition caused by the Defendant's conduct, rather Plaintiff has made a generic claim of emotional distress, which has manifested itself physically. Plaintiff has not placed his health at issue in this case.

5. Plaintiff seeks to have his employment reinstated and has concerns over violations of his privacy by co-workers and supervisors in the event wholesale production of his medical history is permitted without safeguards.

6. Plaintiff's medical history is a private concern and is not something Plaintiff's employer would have access to absent this subpoena.

7. Plaintiff seeks safeguards which would prevent the wholesale distribution of his medical records to persons not parties to this litigation and limits on the use of such information outside of this litigation.

8. Plaintiff's privacy rights would be impaired by allowing discovery of this information without protecting its disclosure beyond the purposes of this litigation.

I certify that the foregoing statements made by me are true. I am aware that if any of the statements made by me are willfully false, I am subject to punishment.

Dated: 10/27/08

_____
Jacqueline M. Vigilante, Esquire

MICHAEL G. BRENNAN, COUNTY COUNSEL
BY:   DONNA M. WHITESIDE, ASSISTANT COUNTY COUNSEL
520 MARKET STREET – 14TH FLOOR COURTHOUSE
CAMDEN, NEW JERSEY 08102-1375
(856) 225-5543
ATTORNEY FOR DEFENDANTS, CAMDEN COUNTY BOARD OF CHOSEN
FREEHOLDERS, WARDEN ERIC TAYLOR and ROSS ANGILELLA

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY
CAMDEN VICINAGE

| | | |
|---|---|---|
| CHRISTOPHER DAVIS | : | CIVIL ACTION |
| *Plaintiff* | : | NO. 08-CV-926(RMB) |
| v. | : | |
| | | **CERTIFICATION** |
| CAMDEN COUNTY BOARD OF CHOSEN FREEHOLDERS and ROSS ANGILELLA | : : | |

**CONSLIDATED FOR PURPOSES OF DISCOVERY**

- - - - - - - - - - - - - - - - - - - -

| | | |
|---|---|---|
| DAVID SMITH | : | CIVIL ACTION |
| *Plaintiff* | : | NO. 08-927 |
| v. | : | |
| CAMDEN COUNTY BOARD OF CHOSEN FREEHOLDERS, WARDEN ERIC TAYLOR and ROSS ANGILELLA | : : | |
| *Defendants* | | |

DONNA M. WHITESIDE, of full age, hereby certifies as follows:

1. I am the attorney representing the defendants in each of the above- caption matters.

2. A Notice to Produce has been issued by the plaintiffs requesting Employee Update Forms for correctional officers at the Camden County Correctional Facility.

3. These forms contain not only the address of the corrections officers, but often their home phone number, license plate numbers, and the names of their children and spouses.

4. The defendants seek to safeguard this private information due to concerns regarding personal security and the security of their families.

5. Plaintiff's privacy rights would be impaired by allowing discovery of this information without protecting its disclosure beyond the purposes of this litigation.

I certify that the foregoing statements made by me are true. I am aware that if any of the statements made by me are willfully false, I am subject to punishment.

/s/
DONNA M. WHITESIDE
ASSISTANT COUNTY COUNSEL

DATED: October 27, 2008

Jacqueline M. Vigilante, Esquire
**THE VIGILANTE LAW FIRM, PC**
99 North Main Street
Mullica Hill, NJ 08062
(856)223-9990
(856)223-1196 Fax
jacci@thevigilantelawfirm.com
Attorney for Plaintiffs, Christopher Davis and David Smith

### IN THE UNITED STATES DISTRICT COURT
### DISTRICT OF NEW JERSEY - CAMDEN

| | | |
|---|---|---|
| **CHRISTOPHER DAVIS** | : | **CIVIL ACTION** |
| **Plaintiff,** | : | |
| v. | : | No. 08-CV-926 (RMB) |
| **CAMDEN COUNTY BOARD OF CHOSEN FREEHOLDERS, and ROSS ANGILELLA** | : | **JURY TRIAL DEMANDED** |
| **Defendants.** | : | |

| | | |
|---|---|---|
| **DAVID SMITH** | : | **CIVIL ACTION** |
| **Plaintiff,** | : | |
| v. | : | No. 08-CV-927 (RMB) |
| **CAMDEN COUNTY BOARD OF CHOSEN FREEHOLDERS, and WARDEN ERIC TAYLOR** | : | **JURY TRIAL DEMANDED** |
| **Defendants.** | : | |

### CONSENT DISCOVERY CONFIDENTIALITY ORDER

This matter having come before the Court at the request of Jacqueline M. Vigilante, Esquire, of The Vigilante Law Firm, P.C.,and Ralph Lamar, Esquire. attorneys

for the Plaintiffs, Christopher Davis and David Smith, and Donna Whiteside, Assistant County Counsel, counsel for the Defendants, in these actions which have been consolidated for discovery, and the Parties having raised concerns with regard to the production of Plaintiff's personal medical information and personnel files of employees, internal affairs reports, and policies of the Camden County Correctional Facility which files are allegedly relevant to claims in the above-captioned litigation; and, the parties having consented hereto; and, for good cause having been shown

IT IS on this 17th day of November 2008 ORDERED and ADJUDGED as follows:

1. The personal information contained in Camden County employee update forms and Plaintiffs' medical records shall be and hereby are designated as "Confidential" material in this litigation.

2. All counsel and parties shall these documents as "Confidential," unless otherwise ordered by the Court.

3. The attorneys may redact social security numbers, phone numbers and personal addresses and family information prior to submitting any files to the other party. To the extent such information is not redacted, it shall be treated as confidential as set forth herein. Counsel shall discuss other information which may need to be redacted and, if unable to be resolved, counsel shall make the appropriate application to the United States District Court Magistrate Judge.

4. All material identified as "Confidential" pursuant to Paragraphs 1 through 3 shall not be used by any counsel or party for any purpose other than the conduct of this and other litigation which is consolidated for purposes of discovery.

5. Documents which are marked as "Confidential," the substance or contents of any "Confidential" material, as well as all notes and memoranda relating to such "Confidential" material, shall not be disclosed by any counsel or party to anyone other than the following:

   a. A party and its counsel, including in-house counsel, who are actively engaged in the conduct of this litigation;

   b. Partners, associates, secretaries, paralegal assistants, and employees of such attorneys who are rendering professional services in this litigation;

   c. Court officials involved in this litigation, including but not limited to the United States District Court Trial Judge, the United States District Court Magistrate Judge, judicial clerks, court reporters, persons operating video recording equipment at depositions, and any special master appointed by the Court;

   d. Outside consultants or experts retained for the purpose of assisting counsel in this litigation; provided, however, that in all such cases under this subparagraph (d) the individual to whom disclosure is to be made has signed a form containing:

      i. a recital that the signatory has read and understands this stipulation;

      ii. a recital that the signatory understands that unauthorized disclosure of any "Confidential" material may result in a finding of contempt of court;

        iii.    a recital that the signatory agrees to return all documents, both "Confidential" or otherwise, and all copies thereof, to the counsel who provided the material within thirty (30) days of the termination of the litigation, as defined in paragraph 9 of this stipulation; and

        iv.    a statement that the signatory consents to the exercise of personal jurisdiction by this United States District Court. The form noted above must be sent to all counsel in this case. Counsel to the parties are responsible for taking reasonable measures to control, consistent with this stipulation, disclosure of the substance or contents of any "Confidential" material. Such reasonable measures shall include, at a minimum, informing any person to whom disclosure is made pursuant to this Paragraph, of the restrictions or disclosure contained in this stipulation.

    6.    Information disclosed at a deposition may be designated as Confidential" if it mentions the "Confidential" information in Paragraphs 1 through 3, by either:

        a.    indicating on the record at the deposition that portions of the testimony are "Confidential" and are subject to the provisions of this stipulation, and/or

        b.    by notifying all parties or counsel who attended such deposition in writing within thirty (30) days of the receipt of the transcript as to those pages and lines that contain "Confidential" material.

    In either event, all information disclosed at a deposition shall be treated as Confidential" until thirty (30) days after receipt of the transcript by attorneys for the parties. The Court Reporter shall make two (2) copies of transcripts when "Confidential" documents are concerned, one copy with the "Confidential" documents and one without them.

7. When any "Confidential" material drawn from documents or information is presented, quoted, or referenced in any deposition, hearing, or other proceeding, counsel for the offering party shall make arrangements, or when appropriate, request the Court to make arrangements, to ensure that only persons qualified by this Discovery Confidentiality Order to receive "Confidential" material are present during such presentation, quotation or reference.

8. Within thirty (30) days after the final determination of this case by judgment, settlement, or otherwise; and, after final determination of all appeals; and, after expiration of the time available to appeal or move for reconsideration, excepting the persons in Paragraph 5.c, any person who received any "Confidential" material, and counsel of record for each party receiving any "Confidential" material, shall assemble and return to the disclosing party all documents and things containing such "Confidential" material, including all copies thereof whether or not identical.

9. This Discovery Confidentiality Order does not address the procedures to be followed, or the protection to be afforded, any "Confidential" material in the event of a trial in this matter.

10. Should the need arise, counsel may make further applications to the Court for any deviations from this Discovery Confidentiality Order.

11. Nothing contained in this Discovery Confidentiality Order shall effect counsel's right to deem any document(s) as "privileged" and, therefore, not discoverable.

12. This Discovery Confidentiality Order is subject to all the provisions of Local Federal Rule of Civil Procedure 5.3 and shall be subject to modification by a judge or magistrate judge at any time.

**IT IS FURTHER ORDERED** that a copy of this Discovery Confidentiality Order shall be served upon all counsel within ten (10) days of receipt.

_____  11/17/08
Anne Marie Donio,
United States Magistrate Judge

We hereby consent to the form, substance, and entry of the within Discovery Confidentiality Order.

**THE VIGILANTE LAW FIRM, PC**

Dated: 10/28/2008

By: _____ s/Jacqueline Vigilante
Jacqueline M. Vigilante, Esquire
Counsel for Plaintiffs, Christopher Davis and David Smith

**LAW OFFICES OF RALPH LAMAR, IV**

By: _____ s/Ralph Lamar,
Ralph Lamar, IV, Esquire
Counsel for Plaintiffs, Christopher Davis and David Smith

**CAMDEN COUNTY COUNSEL**

Date: 10/28/2008

By: _____ s/Donna Whiteside
Donna Whiteside, Esquire
Counsel for Defendant, Camden County Board of Chosen Freeholders